IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES, | : |
| | : |
| v. | : CASE NO.: 7:21-cr-18 (WLS) |
| | : |
| ANTHONY GIDDENS, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Before the Court is the Parties' Joint Motion for Continuance, filed December 20, 2021. (Doc. 28.) The Parties move to continue trial in this case, which is currently scheduled to begin in February 2022, so that Counsel for the Defendant can continue to confer directly with Defendant Giddens regarding a pretrial resolution of this case. The Parties are confident that a pretrial resolution of this matter can be effectuated prior to the Court's next regularly scheduled trial term and request a continuance in order to achieve this goal. For the reasons below, the Motion (I*d.*) is **GRANTED**.

The Speedy Trial Act permits a district court to grant a continuance of trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides several factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

1

The Court finds that the failure to grant a continuance here would likely result in a miscarriage of justice and deprive counsel of reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Notably, Counsel for the Defendant needs additional time to confer with Defendant, review discovery and work on a resolution that may be favorable to Defendant and the Government. (*Id.* at 2.)

Accordingly, the Parties' Joint Motion for Continuance (Doc. 30) is **GRANTED**. The case is **CONTINUED** to the Valdosta trial term beginning May 2022, unless otherwise ordered by the Court. The Court **ORDERS** that the time from the date of this Order to the conclusion of the May 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED**, this  23rd  day of December 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**